MURPHEY & MURPHEY
A PROFESSIONAL CORPORATION
Meghan C. Murphey (SBN 259487)
meghan@themurpheylawyers.com
Kerry Moynihan (SBN 250571)
kerry@themurpheylawyers.com
120 Vantis Drive, Suite 300
Aliso Viejo, California 92656
Tel:  949.464.4540   Fax:  562.375.6674

Attorneys for Plaintiff,
Zions Bancorporation, N.A., dba
California Bank & Trust

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATON, N.A., dba CALIFORNIA BANK & TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FUSION ONE LOGISTICS, a California corporation; and ARTUR MANUKYAN, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACTS, BREACH OF GUARANTIES, AND FORECLOSURE OF PERSONAL PROPERTY** |

For its complaint against defendants, and each of them, Plaintiff ZIONS BANCORPORATION, N.A., dba CALIFORNIA BANK & TRUST ("Plaintiff" or "Bank") alleges as follows:

## PARTIES

1. Plaintiff is a national banking association with its main office and principal place of business in the State of Utah.

2. Plaintiff is informed and believes that defendant Fusion One Logistics ("Fusion") is a California corporation with its principal place of business located in Sacramento County, California.  Plaintiff is informed and believes that Fusion is a citizen of California, such that

- 1 -

COMPLAINT

MURPHEY & MURPHEY
A PROFESSIONAL CORPORATION

1 Fusion is diverse to Plaintiff.

2     3.    Plaintiff is informed and believes that defendant Artur Manukyan ("Manukyan" or "Guarantor") is an individual residing in the City of Rancho Cordova, County of Sacramento, California. Plaintiff is informed and believes that Guarantor is a citizen of California, such that Guarantor is diverse to Plaintiff.

## JURISDICTION AND VENUE

    4.    This Court exercises subject matter jurisdiction over Defendants pursuant to 28 U.S.C. Section 1332 based upon the diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  This Court exercises personal jurisdiction over Defendants on the grounds that all Defendants have their principal place of business in and transact business in Sacramento County, California.

    5.    Venue of this action is proper in this Court, as the Defendants have their principal place of business in the City of Rancho Cordova, County of Sacramento, in the Eastern District of California.

## FACTUAL BACKGROUND

    6.    On or about January 4, 2023, the Bank and Fusion One Logistic ("Fusion") entered into a Business Loan Agreement ("Loan Agreement"), Promissory Note ("Loan 1 Note") and Security Agreement ("First Security Agreement") pursuant to which the Bank extended a loan, with number ending *4151, in the original principal amount of $200,000 ("Loan 1"). A true and correct copy of the executed Loan Agreement, Loan 1 Note, and First Security Agreement are attached as **Exhibits "A" through "C,"** respectively.

    7.    On or about the same date, Guarantor executed a Commercial Guaranty by which he guaranteed payment of Loan 1 ("First Guaranty"). A true and correct copy of the executed First Guaranty is attached as **Exhibit "D."**

    8.    On or about January 19, 2023, Bank filed a UCC Financing Statement with the California Secretary of State as File No. U230004647319 ("UCC Filing"). A true and correct copy of the UCC Financing Statement is attached as **Exhibit "E."**

    9.    As of May 2, 2025, the amount owing on Loan 1 was $229,660.93. The amount

1  owing continues to accrue.

2      10.    On or about May 11, 2023, the Bank and Fusion entered into a master Business Loan Agreement ("Second Loan Agreement") and master Security Agreement ("Second Security Agreement"), pursuant to which the Bank extended (a) Lease number 0017229001 in the principal amount of $60,000 ("Loan 2"), (b) Lease number 0017229002 in the principal amount of $59,000 ("Loan 3"), and (c) Lease number 0017229003 in the amount of $55,000 ("Loan 4"), as evidenced by the Promissory Notes dated July 7, 2023, October 25, 2023 and November 10, 2023, respectively ("Loan 2 Note," "Loan 3 Note," and "Loan 4 Note") . True and correct copies of the executed Second Loan Agreement, Second Security Agreement, Loan 2 Note, Loan 3 Note, Loan 4 Note are attached as **Exhibits "F" through "J,"** respectively.

    11.    Loans 2, 3 and 4 were each guaranteed by Guarantor pursuant to the Commercial Guaranty dated May 11, 2023 ("Second Guaranty"). A true and correct copy of the executed Second Guaranty is attached as **Exhibit "K."**

    12.    The Bank's security interest for Loans 2, 3 and 4 were perfected by taking title to each of the vehicles purchased with proceeds of the loans, namely a 2020 Volvo with VIN ending 20492, a 2019 Volvo with VIN ending 13955, and a 2020 Volvo with VIN ending 58514.

    13.    As of May 2, 2025, the amount owing on Loans 2, 3 and 4 were $61,803.25, $64,753.51, and $58,757.02, respectively. The amounts owing continue to accrue.

    14.    On or about February 1, 2024, Bank and Fusion entered into a Business Loan Agreement ("Third Loan Agreement," and collectively with the Loan Agreement and Second Loan Agreement, the "Loan Agreements"), and Fusion executed a Promissory Note ("Loan 5 Note") and Commercial Security Agreement ("Third Security Agreement") of the same date, pursuant to which the Bank extended a fifth loan, with number ending *4092, in the principal amount of $80,020 ("Loan 5" and collectively with Loans 1 through 4, the "Loans"). True and correct copies of the executed Third Loan Agreement, Third Security Agreement, and Loan 5 Note are attached as **Exhibits "L" through "N,"** respectively.

    15.    Also on or about February 1, 2024, Guarantor executed a Commercial Guaranty by which he guaranteed payment of Loan 5 ("Third Guaranty"). A true and correct copy of the

executed Second Guaranty is attached as **Exhibit "O."**

16. The Bank's security interest for Loan 5 was perfected by taking title to the vehicle described in the Security Agreement, namely a 2021 Volvo VN TR with VIN ending 82831.

17. As of May 2, 2025, the amount owing on Loan 5 was $85,745.70. The amount owing continues to accrue.

18. Pursuant to the Loan Agreements and Promissory Notes for Loans 1 through 5 referenced herein ("Notes"), Fusion agreed to make monthly payments on each of the Loans. Fusion's failure to make timely payments is a default under each of the Loan Agreements and Notes.

19. After Fusion failed to make monthly payments due on the Loans for the months of May through August 2024, Bank notified Fusion by letters dated August 29, 2024, that Fusion was in default on payments for each of the Loans ("Initial Default Notices").

20. The Initial Default Notices advised Fusion that if the defaults were not promptly cured within fifteen (15) days from the date of the Initial Default Notices, then Bank would invoke the default interest rates set forth in the Loan Documents.

21. Fusion failed to cure the defaults set forth in the Initial Default Notices.

22. As a result, Fusion is in default under the Loans ("Existing Default") and all outstanding amounts, including interest at the default rate, late fees, legal fees, and other charges, are due and payable in full.

23. On or about March 7, 2025, Bank, through counsel, sent Fusion a Notice of Default and Demand for Payment ("Demand for Payment") indicating the Loans had been accelerated and requesting payment of the outstanding amount of $487,073.66 (as of March 5, 2025) no later than March 28, 2025.

24. As of the undersigned date, Fusion failed to pay the amount outstanding on the Loans.

25. The total amount Fusion owes under the Loan Agreements ("Outstanding Debt") continues to increase, as it accrues interest, late fees, and other fees and charges.

26. Despite signing the Guaranties, Defendant Manukyan also failed to pay the debt on demand.

### FIRST CAUSE OF ACTION

### (Breach of Contract (Loan 1) Against Defendant Fusion)

27. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in each of the preceding paragraphs.

28. The Loan Agreement and Loan 1 Note ("Loan 1 Agreements") constitute binding agreements between Plaintiff and Fusion.

29. Plaintiff performed all its obligations under the Loan 1 Agreements, except those that it was prevented or otherwise excused from performing, if any.

30. Pursuant to the Loan 1 Agreements, Fusion agreed to and was obligated to make monthly payments due under those Agreements.

31. Defendant Fusion breached the Loan 1 Agreements by, among other things, failing to make monthly payments due on Loan 1 each month, including for the months May 2024 through the present.

32. Defendant Fusion breached the Loan 1 Agreements by failing to pay the amount demanded in the Demand for Payment.

33. Defendant Fusion is indebted to Plaintiff in the amount of at least $229,660.93 on Loan 1, plus accruing interest, late fees, and other fees and charges.

34. Defendant Fusion has failed to pay the amount owed to Plaintiff under the Loan 1 Agreements.

35. As a result of Defendant Fusion's failure to pay the amount owed on Loan 1, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $229,660.93, plus accruing legal fees and costs, interest, late fees, and other charges.

36. As a further result of Defendant Fusion's failure to pay the amount outstanding on Loan 1, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Loan Agreement.

Murphey & Murphey
A Professional Corporation

## SECOND CAUSE OF ACTION

**(Breach of Contract (Loan 2) Against Defendant Fusion)**

37. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in each of the preceding paragraphs.

38. The Second Loan Agreement and Loan 2 Note ("Loan 2 Agreements") constitute binding agreements between Plaintiff and Fusion.

39. Plaintiff performed all its obligations under the Loan 2 Agreements, except those that it was prevented or otherwise excused from performing, if any.

40. Pursuant to the Loan 2 Agreements, Fusion agreed to and was obligated to make monthly payments due under those agreements.

41. Defendant Fusion breached the Loan 2 Agreements by, among other things, failing to make monthly payments due on Loan 2 each month, including for the months May 2024 through the present.

42. Defendant Fusion breached the Loan 2 Agreements by failing to pay the amount demanded in the Demand for Payment.

43. Defendant Fusion is indebted to Plaintiff in the amount of at least $61,803.25 on Loan 2 as of May 2, 2025, plus accruing interest, late fees, and other fees and charges.

44. Defendant Fusion has failed to pay the amount owed to Plaintiff under the Loan 2 Agreements.

45. As a result of Defendant Fusion's failure to pay the amount owed on Loan 2, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $61,803.25, plus accruing legal fees and costs, interest, late fees, and other charges.

46. As a further result of Defendant Fusion's failure to pay the amount outstanding on Loan 2, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Second Loan Agreement.

## THIRD CAUSE OF ACTION

### (Breach of Contract (Loan 3) Against Defendant Fusion)

47. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in each of the preceding paragraphs.

48. The Second Loan Agreement and Loan 3 Note ("Loan 3 Agreements") constitute binding agreements between Plaintiff and Fusion.

49. Plaintiff performed all its obligations under the Loan 3 Agreements, except those that it was prevented or otherwise excused from performing, if any.

50. Pursuant to the Loan 3 Agreements, Fusion agreed to and was obligated to make monthly payments due under the Loan 3 Agreements.

51. Fusion breached the Loan 3 Agreements by, among other things, failing to make monthly payments due on Loan 3 each month, including for the months May 2024 through the present.

52. Fusion breached the Loan 3 Agreements by failing to pay the amount demanded in the Demand for Payment.

53. Fusion is indebted to Plaintiff in the amount of at least $64,753.51 on Loan 3, plus accruing interest, late fees, and other fees and charges.

54. Fusion has failed to pay the amount owed to Plaintiff under the Loan 3 Agreements.

55. As a result of Fusion's failure to pay the amount owed on Loan 3, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $64,753.51, plus accruing legal fees and costs, interest, late fees, and other charges.

56. As a further result of the Fusion's failure to pay the amount outstanding on Loan 3, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Second Loan Agreement.

COMPLAINT

## FOURTH CAUSE OF ACTION

### (Breach of Contract (Loan 4) Against Defendant Fusion)

57. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in each of the preceding paragraphs.

58. The Second Loan Agreement and Loan 4 Note ("Loan 4 Agreements") constitute binding agreements between Plaintiff and Fusion.

59. Plaintiff performed all its obligations under the Loan 4 Agreements, except those that it was prevented or otherwise excused from performing, if any.

60. Pursuant to the Loan 4 Agreements, Fusion agreed to and was obligated to make monthly payments due under those agreements.

61. Fusion breached the Loan 4 Agreements by, among other things, failing to make monthly payments due on Loan 4 each month, including for the months May 2024 through the present.

62. Fusion breached the Loan 4 Agreements by failing to pay the amount demanded in the Demand for Payment.

63. Fusion is indebted to Plaintiff in the amount of at least $58,757.02 on Loan 4, plus accruing interest, late fees, and other fees and charges.

64. Fusion has failed to pay the amount owed to Plaintiff under the Loan 4 Agreements.

65. As a result of Fusion's failure to pay the amount owed on Loan 4, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $58,757.02, plus accruing legal fees and costs, interest, late fees, and other charges.

66. As a further result of the Fusion's failure to pay the amount outstanding on Loan 4, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Second Loan Agreement.

## FIFTH CAUSE OF ACTION

**(Breach of Contract (Loan 5) Against Defendant Fusion)**

67. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

68. The Third Loan Agreement and Loan 5 Note ("Loan 5 Agreements") constitute binding agreements between Plaintiff and Fusion.

69. Plaintiff performed all its obligations under the Loan 5 Agreements, except those that it was prevented or otherwise excused from performing, if any.

70. Pursuant to the Loan 5 Agreements, Fusion agreed to and was obligated to make monthly payments due under the Loan 5 Agreements.

71. Fusion breached the Loan 5 Agreements by, among other things, failing to make monthly payments due on Loan 5 each month, including for the months May 2024 through the present.

72. Fusion breached the Loan 5 Agreements by failing to pay the amount demanded in the Demand for Payment.

73. Fusion is indebted to Plaintiff in the amount of at least $85,745.70 on Loan 5, plus accruing interest, late fees, and other fees and charges.

74. Fusion has failed to pay the amount owed to Plaintiff under the Loan 5 Agreements.

75. As a result of Fusion's failure to pay the amount owed on Loan 5, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $85,745.70, plus accruing legal fees and costs, interest, late fees, and other charges.

76. As a further result of the Fusion's failure to pay the amount outstanding on Loan 5, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Third Loan Agreement.

## SIXTH CAUSE OF ACTION

**(Breach of Written Guaranty (No. 1) Against Defendant Manukyan)**

77. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

78. The First Guaranty constitutes a binding agreement between Plaintiff and Guarantor.

79. Plaintiff performed all its obligations under the First Guaranty, except those that it was prevented or otherwise excused from performing, if any.

80. Pursuant to the First Guaranty, Guarantor agreed to be responsible for all the obligations of Fusion under the Loan Agreement, including for payment of the entirety of the debt owing on Loan 1.

81. Guarantor breached the First Guaranty by, among other things, failing to pay the outstanding amounts due on Loan 1 upon demand, including payments due for the months May 2024 through the present.

82. Guarantor breached the First Guaranty by, among other things, failing to pay the amount demanded for Loan 1 in the Demand for Payment.

83. Guarantor is indebted to Plaintiff in the amount of at least $229,660.93 on Loan 1, plus accruing interest, late fees, and other fees and charges.

84. Guarantor has failed to pay the amount owed to Plaintiff under the First Guaranty.

85. As a result of Guarantor's failure to pay the amount owed on Loan 1, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $229,660.93, plus accruing legal fees and costs, interest, late fees, and other charges.

86. As a further result of the Guarantor's failure to pay the amount outstanding on Loan 1, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Loan Agreement and First Guaranty

## SEVENTH CAUSE OF ACTION

### (Breach of Written Guaranty (No. 2) Against Defendant Manukyan)

87. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

88. The Second Guaranty constitutes a binding agreement between Plaintiff and Guarantor.

89. Plaintiff performed all its obligations under the Second Guaranty, except those that it was prevented or otherwise excused from performing, if any.

90. Pursuant to the Second Guaranty, Guarantor agreed to be responsible for all the obligations of Fusion under the Second Loan Agreement, including for payment of the entirety of the debt owing on Loan 2, Loan 3, and Loan 4.

91. Guarantor breached the Second Guaranty by, among other things, failing to pay the outstanding amounts due on Loans 2 through 4 upon demand, including payments due for the months May 2024 through the present.

92. Guarantor breached the Second Guaranty by, among other things, failing to pay the amount demand for Loans 2 through 4 in the Demand for Payment.

93. Guarantor is indebted to Plaintiff in the amount of at least $61,803.25, $64,753.51, and $58,757.02 on Loans 2 through 4, for a total of $185,313.78, plus accruing legal fees and costs, interest, late fees, and other fees and charges.

94. Guarantor has failed to pay the amount owed to Plaintiff under the Second Guaranty.

95. As a result of Guarantor's failure to pay the amount owed on Loans 2 through 4, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $185,313.78, plus accruing interest, late fees, and other charges.

96. As a further result of the Guarantor's failure to pay the amount outstanding on Loans 2 through 4, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Second Loan Agreement and Second Guaranty.

## EIGHTH CAUSE OF ACTION

**(Breach of Written Guaranty (No. 3) Against Defendant Manukyan)**

97. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

98. The Third Guaranty constitutes a binding agreement between Plaintiff and Guarantor.

99. Plaintiff performed all its obligations under the Third Guaranty, except those that it was prevented or otherwise excused from performing, if any.

100. Pursuant to the Third Guaranty, Guarantor agreed to be responsible for all the obligations of Fusion under the Third Loan Agreement, including for payment of the entirety of the debt owing on Loan 5.

101. Guarantor breached the Third Guaranty by, among other things, failing to pay the outstanding amounts due on Loan 5 upon demand, including payments due for the months May 2024 through the present.

102. Guarantor breached the Third Guaranty by, among other things, failing to pay the amount demand for Loan 5 in the Demand for Payment.

103. Guarantor is indebted to Plaintiff in the amount of at least $85,745.70 on Loan 5, plus accruing legal fees and costs, interest, late fees, and other fees and charges.

104. Guarantor has failed to pay the amount owed to Plaintiff under the Third Guaranty.

105. As a result of Guarantor's failure to pay the amount owed on Loan 5, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $85,745.70, plus accruing interest, late fees, and other charges.

106. As a further result of the Guarantor's failure to pay the amount outstanding on Loan 5, Plaintiff has incurred attorneys' fees and costs, and will continue to incur costs and attorneys' fees in enforcing its rights, in an amount unknown at this time. Plaintiff is entitled to recover such fees under the Third Loan Agreement and Third Guaranty.

## NINTH CAUSE OF ACTION

**(Foreclosure Under First Security Agreement Against Defendant Fusion)**

107. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

108. The Security Agreement constitutes a binding agreement between Plaintiff and Fusion.

109. Plaintiff performed all its obligations under the Security Agreement, except those that it was prevented or otherwise excused from performing, if any.

110. Pursuant to the Security Agreement, Fusion granted Bank a security interest in the Collateral, as defined in the Security Agreement to include all Chattel Paper, Accounts, Instruments, and General Intangibles, "to secure the Indebtedness," defined, in part, as "all Loans, together with all other obligations, debts and liabilities of Borrower to Lender…". "Borrower" is defined as Fusion One Logistics.

111. When there is an "Event of Default" under the Loan 1 Agreements, the Security Agreement gives Bank expansive rights over the Collateral as a secured party under the California Uniform Commercial Code, including but not limited to the right to sell, lease, transfer or sell the Collateral. The Security Agreement further provides that Bank "shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise."

112. Given Fusion's extensive defaults under the Loan 1 Agreements, Bank is entitled to foreclosure of its lien under the Security Agreement and the possession and sale of the Collateral secured thereunder.

## TENTH CAUSE OF ACTION

**(Foreclosure Under Second Security Agreement Against Defendant Fusion)**

113. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

114. The Second Security Agreement constitutes a binding agreement between Plaintiff and Fusion.

115. Plaintiff performed all its obligations under the Second Security Agreement, except those that it was prevented or otherwise excused from performing, if any.

116. Pursuant to the Second Security Agreement, Fusion granted Bank a security interest in the Collateral, as defined therein to include all equipment financed by Bank, "to secure the Indebtedness," defined, in part, as "all Loans, together with all other obligations, debts and liabilities of Borrower to Lender…". "Borrower" is defined as Fusion One Logistics.

117. When there is an "Event of Default" under the Loan 2, Loan 3 or Loan 4 Agreements, the Second Security Agreement gives Bank expansive rights over the Collateral as a secured party under the California Uniform Commercial Code, including but not limited to the right to sell, lease, transfer or sell the Collateral. The Second Security Agreement further provides that Bank "shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise."

118. Given Fusion's extensive defaults under the Loan 2, Loan 3, and Loan 4 Agreements, Bank is entitled to foreclosure of its lien under the Second Security Agreement and the possession and sale of the Collateral secured thereunder.

## ELEVENTH CAUSE OF ACTION

**(Foreclosure Under Third Security Agreement Against Defendant Fusion)**

119. Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs.

120. The Third Security Agreement constitutes a binding agreement between Plaintiff and Fusion.

121. Plaintiff performed all its obligations under the Third Security Agreement, except those that it was prevented or otherwise excused from performing, if any.

122. Pursuant to the Third Security Agreement, Fusion granted Bank a security interest in the Collateral, as defined therein to include a 2021 Volvo VN TR with Vin No. ending 2831, "to secure the Indebtedness," defined, in part, as "all Loans, together with all other obligations, debts and liabilities of Borrower to Lender…." "Borrower" is defined as Fusion One Logistics.

123. When there is an "Event of Default" under the Loan 5 Agreements, the Third

Security Agreement gives Bank expansive rights over the Collateral as a secured party under the California Uniform Commercial Code, including but not limited to the right to sell, lease, transfer or sell the Collateral. The Third Security Agreement further provides that Bank "shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise."

124. Given Fusion's extensive defaults under the Loan 5 Agreements, Bank is entitled to foreclosure of its lien under the Third Security Agreement and the possession and sale of the Collateral secured thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On the First Cause of Action, an order for judgment against Defendant Fusion in the amount of the outstanding debt, but no less than $229,660.93, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

2. On the Second Cause of Action, an order for judgment against Defendant Fusion in the amount of the outstanding debt, but no less than $61,803.25, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

3. On the Third Cause of Action, an order for judgment against Defendant Fusion in the amount of the outstanding debt, but no less than $64,753.51, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

4. On the Fourth Cause of Action, an order for judgment against Defendant Fusion in the amount of the outstanding debt, but no less than $58,757.02, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

5. On the Fifth Cause of Action, an order for judgment against Defendant Fusion in the amount of the outstanding debt, but no less than $85,745.70, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

6. On the Sixth Cause of Action, an order for judgment against Defendant Manukyan in the amount of the outstanding debt, but no less than $229,660.93, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

MURPHEY & MURPHEY
A PROFESSIONAL CORPORATION

7. On the Seventh Cause of Action, an order for judgment against Defendant Manukyan in the amount of the outstanding debt, but no less than $185,313.78, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

8. On the Eighth Cause of Action, an order for judgment against Defendant Manukyan in the amount of the outstanding debt, but no less than $85,745.70, plus accruing interest, late fees, and other fees and charges, and pre-judgment interest;

9. On the Ninth Cause of Action, for a judicial declaration that Bank's lien is superior to all other liens upon the Collateral, and that the lien be foreclosed and the judgment be made for the possession of the Collateral, that the sale be applied to the amounts due to Plaintiff, and there be no right of redemption;

10. On the Tenth Cause of Action, for a judicial declaration that Bank's lien is superior to all other liens upon the Collateral, and that the lien be foreclosed and the judgment be made for the possession of the Collateral, that the sale be applied to the amounts due to Plaintiff, and there be no right of redemption;

11. On the Eleventh Cause of Action, for a judicial declaration that Bank's lien is superior to all other liens upon the Collateral, and that the lien be foreclosed and the judgment be made for the possession of the Collateral, that the sale be applied to the amounts due to Plaintiff, and there be no right of redemption;

12. Attorney's fees as allowed by law and costs of suit;

13. Interest at the legal rate; and

14. All other relief as the Court may deem just and proper.

Dated: June 18, 2025                                MURPHEY & MURPHEY, A.P.C.

                                                    By: /s/ Meghan C. Murphey
                                                    Meghan C. Murphey
                                                    Kerry Moynihan
                                                    Attorneys for Plaintiff,
                                                    Zions Bancorporation, N.A.,
                                                    dba California Bank & Trust