UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION, N.A., DBA, CALIFORNIA BANK AND TRUST,<br>Plaintiff,<br>v.<br>FUSION ONE LOGISTICS, A CALIFORNIA CORPORATION; AND ARTUR MANUKYAN, AN INDIVIDUAL,<br>Defendants. | No. 2:25-cv-1733 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendants' motion to set aside entry of default. ECF No. 25. Plaintiff previously filed a motion for default judgment. ECF No. 14. Both motions are before the undersigned pursuant to E.D. Cal. R. 302(c)(19). For the reasons stated below, the court recommends defendants' motion to set aside default be GRANTED and the pending motion for Default Judgment be DENIED as MOOT.

## I. Background

Plaintiff filed its complaint on June 18, 2025. ECF No. 1. Plaintiff filed certificates of service on September 16, 2025. ECF Nos. 5, 6. Plaintiff requested entry of default on October 21, 2025 (ECF No. 12), and default was entered as to both defendants on October 28, 2025 (ECF

No. 13). Plaintiff filed a motion for default judgment on February 19, 2026, and noticed the hearing for April 2, 2026. ECF No. 14.

Defendants appeared by counsel Marcus Wiggins on March 31, 2026 (ECF No. 21) and opposed the motion for default judgment. ECF No. 20. The court held a brief hearing to discuss the case status, and the undersigned ordered defendants to file a motion to set aside default, holding a decision on the motion for default judgment in abeyance. ECF No. 23. Defendants filed a motion to set aside entry of default on July 3, 2026. ECF No. 25. Plaintiff opposes the motion. ECF No. 27.

## II. Analysis

### A. Legal Standard

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). This standard, which is the same as the one used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. See id. Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Additionally, "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted). This is because in the Rule 55 context there is no interest in the finality of the judgment with

which to contend. <u>See</u> <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986).

B. <u>There is Good Cause to Set Aside Default in This Case</u>

Entry of default in this case should be set aside because (1) it is, at a minimum, unclear whether defendants engaged in culpable conduct; (2) defendants have potentially meritorious defenses which they are entitled to assert and litigate; and (3) setting aside default would not prejudice plaintiff. <u>See</u> <u>Franchise Holding II, LLC</u>, 375 F.3d at 925-26.

1. <u>Culpable Conduct</u>

It is unclear whether defendants engaged in culpable conduct in failing to respond to the complaint, and that uncertainty must weigh in favor of defendants. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer . . . [I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." <u>United States v. Signed Pers. Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1092 (9th Cir. 2010) (internal citations omitted).

Here, the court cannot conclude that defendants engaged in culpable conduct because, while defendants were on notice of the conflict with plaintiff, it is not clear that defendants were more than negligent in failing to respond to this lawsuit. Defendants assert that though they were on notice of the lawsuit as of August 27, 2025, they did not have legal counsel at the time and had suffered a series of financial setbacks in their business that "led to a chain reaction effect that drained FUSION ONE'S resources and left them at a negative cash flow" leading them to miss "their own obligations including this one." ECF No. 21-5 at 4.

Plaintiff counters that defendants were represented: it was in conversation with an attorney who has not appeared in this case, Peter Macaluso, who represented defendants as of September 2025. ECF No. 27 at 2. Plaintiff asserts Mr. Macaluso engaged in culpable tactics, including threatening to file bankruptcy as an improper negotiating tactic in settlement

discussions, demonstrating bad faith. ECF No. 27 at 2. The undersigned in unpersuaded that this should prevent setting aside default. Defendants have never been represented by Mr. Macaluso as a matter of record in this court, and when current counsel Mr. Wiggins appeared, he immediately filed an opposition to the motion for default judgment. ECF Nos. 20, 21. Even if defendants were previously represented by counsel who ineffectively or improperly represented them, it appears that defendants have now parted ways with that counsel and are prepared to properly move forward in this litigation. This factor favors granting relief from default.

2. Potentially Meritorious Defenses

Defendants have indicated that they have potentially meritorious defenses, specifically Commercial Impracticality and Frustration of the Anticipated purpose. ECF No. 21-1 at 6. The defendants should be afforded the opportunity to litigate these defenses on the merits.

3. Prejudice to Plaintiff

Finally, lifting the entry of default will not prejudice plaintiff. The fact that a party may be denied a quick victory is not sufficient to deny relief from default. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). For all these reasons, this case does not present circumstances which overcome the general policy favoring adjudication on the merits. Accordingly, the motion to set aside default should be granted.

III. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED defendants' motion to set aside default (ECF No. 25) be GRANTED, and plaintiff's motion for default judgment (ECF No. 14) be DENIED as MOOT. Defendants should be ordered to file a responsive pleading to the complaint within 14 days of the order on these Findings & Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all

parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 5, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE